UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID E. ERVIN                           CIVIL ACTION

VERSUS                                   NUMBER 14-47-SDD-SCR

SHELTER GENERAL INSURANCE
COMPANY, ET AL.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 4, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID E. ERVIN                                       CIVIL ACTION

VERSUS                                               NUMBER 14-47-SDD-SCR

SHELTER GENERAL INSURANCE
COMPANY, ET AL.

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff David E. Ervin.  Record document number 4.  The motion is opposed.[1]

For the reasons which follow, the plaintiff's Motion to Remand should be denied.

**Background**

Plaintiff filed a Petition for Damages in state court against defendants Jeffery Lynn White, Jesse James Express, Inc., and Shelter General Insurance Company to recover personal injury damages resulting from an accident with an 18-wheeler truck that occurred on November 6, 2013.  Defendant White was driving the truck at the time of the accident and was allegedly was working in the course and scope of his employment with defendant Jesse James Express, Inc.  Defendant Shelter was named in this action as the insurer for defendants White and Jesse James Express, Inc.  In his petition, the plaintiff alleged that he sustained injuries to his

---

[1] Record document number 7.


back, jaw and hip. Plaintiff sought damages for physical pain and suffering, medical expenses and reimbursement of his property damage deductible.

Defendants removed the case to this Court on January 21, 2014, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2] Defendants argued that the required jurisdictional amount was first demonstrated by the plaintiff's failure to stipulate in his response to a request for admissions that the value of case was less than $75,000.00, which was received on January 10, 2014. Thus, defendants asserted, the Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b)(3).

Plaintiff moved to remand and argued that it is not facially apparent from the allegations in the petition that the jurisdictional amount required under § 1332(a) is satisfied. Plaintiff argued that the request for admission relied upon by the defendants is insufficient to establish the jurisdictional amount. Because the defendants failed to provide any additional evidence to

---

[2] Although the Notice of Removal does not completely allege the proper citizenship of each party, the information demonstrating each party's citizenship is located in the attached exhibits referenced as follows:  plaintiff is a citizen of Louisiana (record document number 1-1, Petition For Damages); defendant Shelter General Insurance Company is a foreign corporation organized under the laws of Missouri with its principal place of business in Missouri (record document 2); defendant Jeffery Lynn White is a resident of Tennessee and defendant Jesse James Express, Inc. is a corporation organized under the laws of Tennessee with its principal place of business in Tennessee (record document number 1-6).

demonstrate the amount of damages, diversity jurisdiction cannot be upheld. In the alternative, the plaintiff argued that the defendants' Notice of Removal was untimely because no subsequent amended pleadings, motions, orders, or other papers were filed by the plaintiff to invoke the exception under § 1446(b)(3).

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[3] Therefore, in the Fifth

---

[3] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended,
(continued...)

3

Circuit for cases removed from Louisiana courts, the established a framework for resolving disputes over the amount in controversy is as follows.  The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[4]

---

[3](...continued)
or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
 Plaintiff did not allege that his claim was for less than the required jurisdictional amount.  While this factor supports finding that the plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, 2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, No. 1-122, 2011 WL 2899127 (E.D. La., July 18, 2011).

[4] *See, Washington-Thomas v. Dial America Marketing, Inc.*, No. 12-340, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, No. 12-1391, 2012 WL 5332998 (E.D. La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy
(continued...)

4

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

The timing of removal is governed by 28 U.S.C. § 1446(b), which sets forth the general rule in the first paragraph:

> The notice of removal of a civil action or proceeding

---

[4](...continued)
exceeds $75,000 when plaintiffs do not request a specific amount in damages).

>shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated in the initial pleading is not removable, then 28 U.S.C. § 1446(b)(3) applies. It states as follows:

>[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Also relevant is § 1446(c)(3)(A), which states as follows:

>If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

**Analysis**

It is not facially apparent from the plaintiff's petition that his claims exceed $75,000, exclusive of interest and costs. Plaintiff's allegations concerning his damages are generic and devoid of any substantive information concerning his medical injuries.

With respect to the timeliness of the Notice of Removal, because the amount of the plaintiff's claim was not facially apparent from the petition, the defendants filed the Notice of

6

Removal with 30 days of receipt of the plaintiff's response to the request for admission.  This court has held that the plaintiff's denial of a request to admit that the claim is for more than $75,000 does not start the removal clock.[5]  The analysis in *Robertson* is applicable to determining whether a notice of removal was filed too late.  It does not address the prematurity of a notice of removal that is subsequently supported by additional "other papers" from which the amount in controversy at the time of removal can be ascertained.  As discussed below, the plaintiff's discovery responses provided after this motion was filed establish by a preponderance of the evidence that the plaintiff's claims satisfy the required amount in controversy.

Because the amount in controversy is not facially apparent from the petition, the defendant relied on (1) the plaintiff's response to their request for admission stating that he would not admit that his claim was less that $75,000, and (2) medical records which were received on February 25, 2014, a month after the Notice of Removal was filed and a few days after the Motion to Remand was filed.  The medical records showed that the plaintiff is suffering several disc bulges in his cervical, thoracic, and lumbar spinal areas and has been treated with multiple steroid injections for his

---

[5] *Roberson v. Progressive Sec. Ins. Co.*, No. 11-520, 2011 WL 4737417 (M.D.La. Sept. 16, 2011) (denial of request for admission that claim was more than $75,000 did not start the removal clock).

symptoms.[6]    Defendants cited multiple Louisiana cases to demonstrate that such injuries can easily garner an award in excess of $75,000.

Based on the serious nature of these injuries and the cases cited by the defendants, the defendants have satisfied their burden to establish the jurisdictional amount at the time of removal. Plaintiff's medical records show that he has been seeking treatment for his injuries since the accident and his injuries are still unresolved. While the court recognizes that the injuries detailed in the cases cited by the defendant may be distinguishable and arguably more severe than the plaintiff's injuries, they provide a guide for determining the potential general damages that could be awarded. The general damages amounts relied on by the defendant also do not account for the special damages that will likely be awarded, e.g. medical expenses, loss of income, etc. Even if the court were to focus on the lower range of general damages awarded, the addition of special damages will more probably than not put his claim over $75,000.

Plaintiff failed to provide any substantive evidence to contradict these facts or demonstrate that the amount of his claim at the time of removal was for less the required jurisdictional amount. Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed $75,000.

---

[6] Record document number 7-2, Exhibit C.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, April 4, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE