UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID E. ERVIN

CIVIL ACTION

VERSUS

SHELTER GENERAL INSURANCE
COMPANY, ET AL.

NO. 14-0047-SDD-SCR

**RULING**

This matter is before the Court on a *Motion for Partial Summary Judgment* filed by Plaintiff, David E. Ervin.[1] Defendants, Shelter General Insurance Company, Jesse James Express, Inc., and Jeffrey Lynn White, have filed an *Opposition*.[2] For the following reasons, the Court denies Plaintiff's *Motion*.

**I. BACKGROUND**

On November 6, 2013, Plaintiff was driving his 2009 Dodge Ram 1500 eastbound in the left most lane on Interstate 12 in Livingston Parish,[3] when a tractor trailer directly preceding him, and driven by Frankie Gilchrist ("Gilchrist"), came to a complete stop.[4] Plaintiff contends that he was able to maintain complete control of his vehicle while bringing it to a complete stop before being rear-ended by the tractor trailer behind him driven by Jeffrey Lynn White ("White"). In spite of Plaintiff's recollection of events, Gilchrist claims to have felt two separate and distinct hits, seconds apart, to the back of his 18-wheeler.

---
[1] Rec. Doc. 25.
[2] Rec. Doc. 28.
[3] Rec. Doc. 1-1, p. 1, ¶3. Plaintiff alleges that "[o]n or about November 6, 2013 at approximately 5:57pm [he] was the operator and owner of a 2009 Dodge Ram 1500 … stopped eastbound on I-12 in the City of Walker, Parish of Livingston."
[4] Plaintiff was operating his 2009 Dodge Ram 1500.

As a result of this three-vehicle accident, Plaintiff filed the pending lawsuit in state court seeking to recover personal injury damages from the Defendants.[5] On January 21, 2014, the Defendants timely removed this action invoking the Court's jurisdiction under 28 U.S.C. § 1332.[6] Plaintiff now contends that summary judgment as to liability is appropriate because there has been no evidence offered to show that he caused the accident. Defendants disagree, arguing that Plaintiff failed to maintain control of his vehicle and hit Gilchrist's vehicle before being rear-ended by Defendant White, and, therefore, his substandard conduct contributed to the cause of the accident. A jury trial in this matter is scheduled to begin on Monday, June 22, 2015.

## II. LAW AND ANALYSIS

### A. Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[8] "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not

---

[5] Rec. Doc. 1-1, *Petition for Damages*, 19th JDC, Docket No. 626454, Sec. 22. Plaintiff has sued White, White's employer, Jesse James Express, Inc., and their insurer, Shelter General Insurance Company. Plaintiff has alleged that as a result of the accident, he sustained "injuries and symptoms including, but not limited to, those related to his back, jaw, wrist, and hip" and he seeks to recover "damages for physical pain and suffering, medical expenses and reimbursement for his property damage deductible." Rec. Doc. 1-1, p. 2, ¶¶7-8.
[6] The Court has previously found the requirements for diversity jurisdiction are satisfied. See Rec. Doc. 10, p. 3; Rec. Doc. 12 (adopting Report and Recommendation).
[7] Fed.R.Civ.P. 56(a) (West 2015).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, at 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

negate the elements of the nonmovant's case.'"[9] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[10] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[11]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[12] The Court must resolve all reasonable factual inferences are drawn in favor of the nonmoving party.[13] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[14] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without "any significant probative evidence tending to support the complaint."'"[15]

---

[9] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, at 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, at 323-25, 106 S.Ct. at 2552)).
[10] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, at 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[11] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, at 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).
[12] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[13] *Galindo v. Precision American Corp.*, 754 F.2d 1212, at 1216 (5th Cir. 1985).
[14] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, at 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[15] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, at 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).

**B. Liability**

Because this is a diversity action, the substantive law of Louisiana applies.[16] La. R.S. 32:81(A) provides that "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonably and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."[17] Hence, the "law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LSA-R.S. 32:81A and is therefore liable for the accident."[18] "A following motorist … may rebut the presumption of negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. The following motorist may also avoid liability by proving that the driver of the lead vehicle created a hazard that he could not reasonably avoid (a sudden emergency)."[19] The burden rests upon "the following motorist to exonerate himself before he can completely avoid liability."[20]

However, "[t]he presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown."[21] In fact, "[n]otwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. '[O]nce the presumption of negligence attaches to the defendant, the ordinary rules of

---

[16] *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938).
[17] La. R.S. 32:81(A)(West 2015).
[18] *Harbin v. Ward*, 2013-1620 (La.App. 1 Cir. 5/29/24), 147 So.3d 213, at 218. (*Id.*)
[19] *Id.* See also, *Domingo v. State Farm Mut. Auto. Ins. Co.*, 10-264 (La.App. 5 Cir. 11/9/10), 54 So.3d 74, at 80 ("The sudden emergency doctrine is an affirmative defense to the presumption of negligence … The sudden emergency doctrine cannot be invoked by one who has not used due care to avoid the emergency.")
[20] *Matherne v. Lorraine*, 2003-2369 (La.App. 1 Cir. 9/17/04), 888 So.2d 244, at *3.
[21] *Id.*

comparative negligence apply and, thus, a plaintiff's damages may be reduced by the degree that he was comparatively at fault.'"[22]

In this case, Plaintiff has testified that he "came to a stop" and did not hit Gilchrist's 18-wheeler until Defendant White's 18-wheeler struck him from behind.[23] However, Mr. Gilchrist, the operator of the 18-wheeler immediately preceding Plaintiff's vehicle, has attested to the fact that, after he brought his vehicle to a stop, he "felt [his] truck rear-ended by a vehicle behind [him]. Then, seconds later, [he] felt a second hit to [his] vehicle."[24] In other words, Gilchrist contends that his truck was hit two times. After the collision, Gilchrist further observed that Plaintiff's vehicle had collided with his truck, and that White's 18-wheeler had collided into the back of Plaintiff's vehicle.

In this case, the Court finds that there remain genuine issues of material fact as to how the accident actually occurred. Specifically, there is a disputed issue as to whether the Plaintiff actually stopped his vehicle and only struck Gilchrist's vehicle after he was rear-ended by White or, whether he actually struck Gilchrist's vehicle twice— once, before his vehicle was struck by White's 18-wheeler, and then again, after White's vehicle rear-ended him. The Court finds this constitutes a key factual dispute that turns on credibility determinations, which simply cannot made at the summary judgment

---

[22] *Leblanc v. Bouzan*, 2014-1041 (La.App. 3 Cir. 3/4/15), (quoting *Graffia v. Louisiana Farm Bureau Casualty Insurance Co.*, 08-1480, p. 7 (La.App. 1 Cir. 2/13/09), 6 So.3d 270, 274 (quoting *Matherne v. Lorriane*, 03-2369 (La.App. 1 Cir. 9.17.04), 888 So.2d 244, 246)).
[23] Rec. Doc. 25-3, pp. 42-43. (Ervin stated "As we got up further, the truck in front of me slammed on his brakes. I hit my brakes, came to a stop. As I look in the rearview mirror, all I seen was headlights and hit." When asked if he struck the truck in front of him before he was struck, Ervin answered "no." In response to the following question, Ervin answered in the affirmative: "Is it your version that you were knocked into the truck in front of you?").
[24] Rec. Doc. 28-1, ¶¶7-8.

stage.[25] Rather, such credibility determinations are better left to the trier of fact. Therefore, the Court finds that Plaintiff's *Motion* must be denied.

### III. CONCLUSION

Accordingly, the *Motion for Partial Summary Judgment* filed by Plaintiff David E. Ervin is hereby DENIED.[26]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on April 17, 2015.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[25] *Anderson*, 477 U.S. at 255; *Aikins v. Warrior Energy Services Corp.*, 2015 WL 1221255, at *7 (S.D.Tx. Mar. 17, 2015); *Ramos v. Swiftships Shipbuilders, LLC*, 2015 WL 539694, at *5 (W.D.La. Feb. 6, 2015).
[26] Rec. Doc. 25.